IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

AARON AGEE                                                                                                    PLAINTIFF

V.                                                                            CIVIL CAUSE NO. 4:24-CV-52-MPM-DAS

CITY OF SHELBY, MISSISSIPPI                                                                       DEFENDANT

ORDER

On June 4, 2024, the plaintiff filed his Complaint against the City of Shelby, Mississippi, under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301, et seq. Doc. 1. His Compliant alleges that he was an active-duty member of the Army National Guard during the relevant period. Citing 38 U.S.C. § 4323(h), the plaintiff moved to waive the filing fee for instituting this action. Doc. 2. However, before considering the plaintiff's motion, the court ordered him to show cause regarding this court's jurisdiction over his Complaint, and on July 8, 2024, the plaintiff submitted his response. Doc. 4, 5. Having made a satisfactory showing of this court's subject matter jurisdiction over the plaintiff's USERRA claims against the City of Shelby, Mississippi, a political subdivision of the state, the court turns to the motion to waive the filing fee.

Title 38 U.S.C. § 4323(h)(1) provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter." Acknowledging the lack of Fifth Circuit precedent applying subsection (h), the plaintiff cites *Davis v. Advocate Health*, in which Seventh Circuit held "that 38 U.S.C. § 4323(h)(1) permits a USERRA litigant to initiate suit without prepaying the filing fee." *Davis v. Advoc. Health Ctr. Patient Care Exp.*, 523 F.3d 681, 685 (7th Cir. 2008). In what has been described as "the seminal USERRA filing fee case,"[1] the

---

[1] *Cabrera v. Perceptive Software, LLC*, 2015 WL 1427219, at *1 (D. Kan. Mar. 27, 2015).

*Davis* court determined that the "fees" or "court costs" referred to in § 4323(h) encompass initial filing fees. *Id*. at 684. The Seventh Circuit based its ruling on the fact that USERRA was enacted to **"**prohibit discrimination against persons because of their service in the uniformed service," and as such the statute should be construed "liberally in favor of veterans seeking its protections." *Id*. at 683-84 (citations omitted). Relying on *Davis*, several district courts have waived the filing fee is cases brought under USERRA. *See Duncan v. Tyco Fire Prod., LP*, 2018 WL 11309912 (N.D. Ala. Aug. 21, 2018); *Vonville v. New Century Air Serv., Inc.,* 2016 WL 4919804 (D. Kan. Sept. 15, 2016); *Palumbo v. Devry Univ.*, 964 F. Supp. 2d 935, 937 (N.D. Ill. 2013); and *Fincher v. Georgia Pac., LLC*, 2009 WL 1075269 (N.D. Ga. Apr. 21, 2009).

Here, the court finds that the plaintiff has alleged he is a member of the "uniformed services" as defined in USERRA[2] and has asserted a claim for violations under USERRA. Therefore, the plaintiff's motion to waive the filing fee is granted. The court waives the filing fee in this action under 38 U.S.C. § 4323(h)(1), and the plaintiff may proceed in this case without prepayment of the filing fee.

**SO ORDERED**, this the 17th day of July, 2024.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

---

[2] "Uniformed services" is defined under the statute to include:
> the Armed Forces, the Army National Guard and the Air National Guard when engaged in active duty for training, inactive duty training, or full-time National Guard duty, the Commissioned Corps of the Public Health Service, and any other category of persons designated by the President in time of war or national emergency.

38 U.S.C. § 4303(17).